```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CARLOS MIRANDA,                          :   16cv4942 (DLC)
                         Petitioner,     :   01cr397  (DLC)
                                         :
          -v-                            :   MEMORANDUM OPINION
                                         :       AND ORDER
UNITED STATES OF AMERICA,                :
                         Respondent.     :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

    On March 18, 2003, petitioner Carlos Miranda ("Miranda") pleaded guilty to (1) two counts of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); (2) conspiracy to kidnap in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); and (3) using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).  In his plea allocution, Miranda explained that he had agreed with others to murder two individuals and to kidnap a third person in order to obtain money or drugs. He explained that he held a gun to the head of one of the murder victims.

    The defendant now moves for resentencing and to vacate his conviction under § 924(c)(1) pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  For the following reasons, the petition is stayed.

## Background

According to the Presentence Report ("PSR"), Miranda's base offense level for each of the two conspiracies to commit murder and the conspiracy to kidnap was 43. Miranda received two-point enhancements for each crime because each of the three victims was restrained, resulting in each instance in an adjusted offense level of 45. Based on a multiple count adjustment under § 3D1.4, Miranda's combined adjusted offense level was 48. Miranda received a three-point reduction for acceptance of responsibility, resulting in an adjusted offense level of 45. The conviction under 18 U.S.C. § 924(c)(1) required a consecutive term of imprisonment of five years.

Because he was a career offender within the meaning of § 4B1.1,[1] Miranda's Criminal History Category was increased from III to VI. Miranda had two prior convictions for which he received criminal history points: (1) a 1997 conviction for first

---

[1] A finding under the Guidelines that a defendant is a career offender requires, inter alia, that the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and that the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

At that time, the Guidelines defined a "crime of violence" as any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (emphasis added). Miranda had two prior convictions for first degree robbery in 1997.

2

degree robbery using a dangerous instrument, and (2) a 1997 conviction for first degree robbery causing serious injury.

On May 2, 2003, the Court sentenced Miranda principally to 35 years' imprisonment, which included 120 months each for two counts of conspiracy to commit murder and one count of conspiracy to kidnap -- for a total of 360 months -- plus 60 months for possessing a firearm, each to run consecutively.  Miranda did not appeal his sentence.

On June 23, 2016, Miranda filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Miranda makes two separate arguments pursuant to the decision in Johnson, each of which is addressed below.  On July 29, defense counsel requested a stay of the petition.

## Discussion

In Johnson, the Supreme Court held that a portion of the definition of crime of violence in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.[2]  Id. at 2563.  That same definition was contained in U.S.S.G. § 4B1.2(a)(2) at the time Miranda's 2003 sentence was imposed.

### A. Career Offender under § 4B1.1

Miranda's first argument is that he is entitled to be resentenced because he is not a career offender under § 4B1.1

---

[2] The Court's holding did "not call into question application of [§ 924(e)(2)(B)] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  Johnson, 135 S. Ct. 2562.

3

because his two 1997 convictions for first degree robbery no longer qualify as crimes of violence. Circuit Courts are split on whether the holding in Johnson applies to the Sentencing Guidelines.[3] The Supreme Court has granted a writ of certiorari in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), to resolve whether the reasoning in Johnson applies to the Guidelines' definition of crimes of violence. The Second Circuit has acknowledged the disagreement between the Courts of Appeals on this issue, and has instructed district courts to stay § 2255 petitions raising Johnson challenges to § 41B.2(a) pending the Supreme Court's decision in Beckles. Blow v. United States, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016), as amended (July 29, 2016). Accordingly, this portion of the petition will be stayed pursuant to Blow pending the outcome of Beckles.

### B. Violation of 18 U.S.C. § 924(c)

Miranda's second argument is that his conviction under § 924(c)(1)(A) should be vacated because § 924(c)(1)(A)'s definition of "crime of violence," which is contained in

---

[3] Compare Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015) (Johnson does not apply to Sentencing Guidelines), cert. granted, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) and United States v. Matchett, 802 F.3d 1185, 1196 (11th Cir. 2015) (holding that Guidelines provisions cannot be attacked as unconstitutionally vague) with United States v. Madrid, 805 F.3d 1204, 1212 n.10 (10th Cir. 2015) (Johnson applies to Sentencing Guidelines).

4

§ 924(c)(3) and is different from the one at issue in Johnson, is unconstitutionally vague.  As used in § 924(c),

> the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The Second Circuit recently held in United States v. Hill, No. 14-3872-CR, 2016 WL 4120667, at *7 (2d Cir. Aug. 3, 2016), that (1) the reasoning in Johnson does not apply to the definition of "crime of violence" under § 924(c)(3), and (2) the definition in § 924(c)(3) is not void for vagueness.

## Conclusion

Accordingly, it is hereby

ORDERED that Miranda's application to be resentenced because he is not a career offender under § 4B1.1 is stayed pending the Supreme Court's decision in Beckles.  The petitioner shall submit a status update within 14 days of a decision in Beckles.

IT IS FURTHER ORDERED that, at the time the stay is lifted, the parties will be given an opportunity to explain why Miranda's application to vacate his conviction under 18 U.S.C. § 924(c) should not be denied in light of Hill.

Dated:   New York, New York
         August 17, 2016

                                    _____
                                          DENISE COTE
                                    United States District Judge

5